**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**PINE BLUFF DIVISION**

| | |
|---|---|
| RONALD D. O'NEAL,<br>ADC #128560 | *<br>*<br>* |
| Plaintiff, | * |
| v. | *      No. 5:14CV00291-JJV |
| | * |
| CORIZON HEALTH, INC.; *et al.* | *<br>* |
| Defendants. | * |

**MEMORANDUM AND ORDER**

**I.    INTRODUCTION**

Ronald D. O'Neal ("Plaintiff") brings this action *pro se* and under section 1983. He alleges Defendants Corizon Health, Inc. ("Corizon"), Correct Care Solutions, LLC ("CCS"),[1] Erika Crompton, and Annette Esaw violated his constitutional rights by retaliating against him for filing a previous lawsuit and by denying him adequate medical care. (Doc. No. 2.) Now, Defendants have filed a Motion for Summary Judgment (Doc. No. 77). Plaintiff has responded (Doc. No. 82) and the matter is ripe for disposition.

**II.   BACKGROUND**

Plaintiff alleges Defendants retaliated against him for filing *O'Neal v. Correctional Medical Services, Inc., et al.*, 5:10-CV-00153-BSM-JJV. (Doc. No. 2 at 5.) Specifically, he claims that: (1) Corizon and Dr. Troy Moore[2] cancelled a hernia surgery in retaliation for the aforementioned suit;

---

[1] The docket lists an incomplete name for this Defendant, referring to it only as "Correct Care Solution." I will direct the Clerk of Court to correct the docket to include the full name as it appears in Defendants' filings.

[2] Dr. Moore was named as a Defendant to this action but, after several unsuccessful attempts to serve him, was dismissed. (Doc. No. 71.)

1

(2) Defendant Crompton retaliated by obstructing Plaintiff's access to his medical records and thereby frustrating his attempts to litigate *O'Neal v. Correctional Medical Services, Inc., et al.*; and (3) Defendants Esaw , CCS, and Corizon denied him a fully functional hearing aid until *O'Neal v. Correctional Medical Services, Inc., et al.* was non-suited. (*Id*. at 10-13.) Plaintiff also argues the alleged denial of this medical care gives rise to an Eighth Amendment claim for deliberate indifference. (*Id*. at 17-18.)

### III.   SUMMARY JUDGMENT STANDARD

Under Rule 56(c) of the Federal Rules of Civil Procedure, summary judgment is proper "if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and the moving party is entitled to a judgment as a matter of law. Fed. R. Civ. P. 56(c); *Celotex v. Catrett*, 477 U.S. 317, 321 (1986). When ruling on a motion for summary judgment, courts must view the evidence in a light most favorable to the nonmoving party. *Naucke v. City of Park Hills*, 284 F.3d 923, 927 (8th Cir. 2002). The nonmoving party may not rely on allegations or denials, but must demonstrate the existence of specific facts that create a genuine issue for trial. *Mann v. Yarnell*, 497 F.3d 822, 825 (8th Cir. 2007). The nonmoving party's allegations must be supported by sufficient probative evidence that would permit a finding in his favor on more than mere speculation, conjecture, or fantasy. *Id.* (citations omitted). A dispute is genuine if the evidence is such that it could cause a reasonable jury to return a verdict for either party; a fact is material if its resolution affects the outcome of the case. *Othman v. City of Country Club Hills*, 671 F.3d 672, 675 (8th Cir. 2012). Disputes that are not genuine or that are about facts that are not material will not preclude summary judgment. *Sitzes v. City of West Memphis, Ark.*, 606 F.3d 461, 465 (8th Cir. 2010).

IV.     **ANALYSIS**

Defendants raise several arguments in support of their Motion. They are: (1) Plaintiff failed to exhaust his administrative remedies against Defendant CCS; (2) Plaintiff did not suffer either a First or Eighth Amendment violation as a result of Defendant Crompton's alleged obstruction of medical records; (3) Plaintiff's retaliation and deliberate indifference claims against Defendant Corizon which relate to his hernia care fail; and (4) Plaintiff's claims regarding his hearing aids against all Defendants fail because his care was adequate. (Doc. No. 79 at 1-2.) For the reasons stated hereafter, I find Defendants are entitled to summary judgment.

  A.    **Exhaustion of Administrative Remedies**

The Prison Litigation Reform Act (PLRA) requires an inmate to exhaust prison grievance procedures before filing suit in federal court. *See* 42 U.S.C. § 1997e(a); *Jones v. Bock*, 549 U.S. 199, 202 (2007); *Jones v. Norris*, 310 F.3d 610, 612 (8th Cir. 2002). Exhaustion under the PLRA is mandatory. *Jones*, 549 U.S. at 211. "[T]o properly exhaust administrative remedies, prisoners must 'complete the administrative review process in accordance with the applicable procedural rules,' rules that are defined not by the PLRA, but by the prison grievance process itself." *Id.*, 549 U.S. at 218 (quoting *Woodford v. Ngo*, 548 U.S. 81, 88 (2006)). Compliance with a prison's grievance procedures is, therefore, all that is required by the PLRA to properly exhaust. *Id.* Thus, the question as to whether an inmate has properly exhausted administrative remedies will depend on the specifics of that particular prison's grievance policy. *See Id.*

The grievance policy for the Arkansas Department of Correction is three-tiered. First, inmates are required to present their grievances by way of informal resolution. (Doc. No. 78-1 at 5.) If the issue is not resolved at this stage, an inmate may file a formal grievance which entitles him to a response from either the unit warden or health services administrator (if the grievance is medical

in nature). (*Id*. at 9-10.) Finally, if the inmate is unsatisfied with the unit level decision, he may appeal to the appropriate Chief Deputy, Deputy, or Assistant Director. (*Id*. at 11.)

Defendants argue Plaintiff's only claim against CCS relates to his hearing aids. (Doc. No. 79 at 4.) Plaintiff does not appear to contest this assertion. Next, Defendants state only one hearing aid related grievance - CU-14-02657- was lodged against CCS. (*Id*.) They argue this grievance was not fully exhausted until March 16, 2015 - more than six months after this suit was filed.[3] Review of the grievance record confirms this. (Doc. No. 78-2 at 1-3.)

Plaintiff does allege that he filed several other grievances against CCS, however. He specifically mentions CU-14-01427, CU-15-00264, CU-15-00346, CU-15-01207, and CU-15-01979. (Doc. No. 82 at 4-5.) I was able to find[4] four of these grievances in the record. CU-14-01427 was filed on July 17, 2014, but did not receive a final appeals decision until October 1, 2014. (Doc. No. 41 at 38-41.) CU-15-01979 was filed on October 19, 2015. (Doc. No. 83 at 43.) CU-15-00264 was filed in February of 2015 and not fully exhausted until April 20, 2015. (Doc. No. 48 at 10-13.) CU-15-00346 was received by ADC officials in March of 2015 and not fully exhausted until May 12, 2015. (*Id*. at 14- 16.) CU-15-1207 is not before me, but the designator "15" appears to indicate that it was also filed in 2015. None of these grievances were exhausted before July 31, 2014. I find Defendants have shown administrative remedies were not exhausted against Defendant CCS before this action was filed.

### B. Obstruction of Medical Records

Plaintiff claims Defendant Crompton retaliated against him by delaying and denying his

---

[3]Plaintiff began this action on July 31, 2014. (Doc. No. 2.)

[4]While Plaintiff mentioned each of these grievances, he did not indicate whether he had provided copies (either as attachments to his Response or in previous filings).

access to medical records necessary to litigate a previous lawsuit. (Doc. No. 2 at 12-13.) A retaliation claim requires: (1) a claimant engaged in protected conduct or expression; (2) he suffered some adverse action that would deter a person of ordinary firmness from pursuing that protected activity; and (3) the adverse action was causally related to the protected conduct or expression. *See Peterson v. Kopp*, 754 F.3d 594, 602 (8th Cir. 2014) (quoting *Revels v. Vincenz*, 382 F.3d 870, 876 (8th Cir. 2004)). Defendants take issue with Plaintiff's claim that he suffered any adverse action as a result of Crompton's alleged obstruction. They note that, during the suit in question, Plaintiff was represented by counsel. (Doc. No. 78-3 at 2.) For over one year, his appointed counsel did not request the relevant medical files from Defendants. (*Id*. at 3.) There is also no indication that his counsel's failure to call an expert witness in that case was the result of an inability to procure medical documents. (*Id*.)

Defendants' argument is compelling given Mr. O'Neal was represented by counsel during much of this alleged conduct. It errs, however, in conflating the "adverse action" with the outcome of Plaintiff's previous lawsuit. The relevant adverse action is the alleged withholding of medical records. *See Dixon v. Brown*, 38 F.3d 379, 380 (8th Cir. 1994) (holding "when retaliatory conduct is involved, there is no independent injury requirement."). Any harm to Plaintiff's previous lawsuit – and it seems clear none occurred – is tangential. Regardless, this essentially unsupported retaliation claim is without merit. I conclude a two-to-four-month delay in accessing medical records would not chill a prisoner of ordinary firmness from pursuing legal action against prison staff. *See Santiago v. Blair*, 707 F.3d 984, 992 (8th Cir. 2013) (holding the "ordinary firmness' test is objective rather than subjective and asks what a prisoner of "ordinary firmness" would have done if faced with the same adverse action). Although not dispositive, I note Plaintiff's own actions support this conclusion. *Garcia v. City of Trenton*, 348 F.3d 726, 729 (8th Cir. 2003) ("The question is not

5

whether the plaintiff [himself] was deterred, **though how plaintiff acted might be evidence of what a reasonable person would have done**.") (emphasis added). Plaintiff pursued his previous litigation to a without prejudice dismissal - which Defendants correctly assert was not caused by an inability to access medical records.[5] Additionally, the threat of delayed records did not chill Plaintiff's filing of the immediate suit.

To the extent Plaintiff alleges the withholding of these records also amounted to a violation of his Eighth Amendment rights, that claim also fails. Plaintiff's own testimony establishes the delayed access to medical records only caused him stress and did not result in any physical injury to his health. (Doc. No. 78-4 at 108). *See Gibson v. Weber*, 433 F.3d 642, 646 (8th Cir. 2006) ("An inmate must prove officials knew about excessive risks to his health but disregarded them . . . and that their unconstitutional actions in fact caused his injuries.") (internal citations omitted).

### C. Hernia Treatment

Plaintiff alleges Defendant Corizon and Dr. Troy Moore retaliated against him by delaying his hernia repair. (Doc. No. 2 at 10-11.) Despite repeated attempts to serve him, summons was not executed on Dr. Moore and he was dismissed without prejudice. (Doc. No. 71.) This claim proceeds only against Corizon.

Defendants correctly argue Corizon can only be liable if it implemented or established some policy which caused Plaintiff's injury. *See Sanders v. Sears, Roebuck & Co.*, 984 F.2d 972, 975-976 (8th Cir. 1993) (holding "a corporation acting under color of state law will only be held liable under § 1983 for its own unconstitutional policies."); *see also Boyd v. Knox*, 47 F.3d 966, 968 (8th Cir.

---

[5]I presided over the initial proceedings in *O'Neal v. Correctional Medical Services, Inc., et al.*, 5:10-CV-00153-BSM-JJV and am familiar with its course and outcome. Neither Plaintiff nor his appointed counsel, who represented him for more than a year, ever complained of an inability to access his client's medical records.

1995) (holding a theory of *respondeat superior* is inapplicable to section 1983 claims). Plaintiff has failed to identify any affirmative policy or practice of Corizon which caused his hernia treatment to be delayed. Instead, he alleges the absence of a policy forbidding employees from retaliating against inmates caused him harm. (Doc. No. 83 at 3-4.) In support of this contention, he argues no policy forbidding retaliation was posted in the infirmary or referenced in Corizon employee training materials. (*Id*. at 4.) This argument is unconvincing. The failure to articulate or effectively implement a helpful policy is distinct from implementing an unconstitutional policy or giving tacit approval to an offending custom. At worst, Corizon's failure to properly train or instruct its employees on retaliatory issues might be negligent, but that is insufficient to state a viable section 1983 claim. *See Hart v. City of Little Rock*, 432 F.3d 801, 805 (8th Cir. 2005).

### D. Hearing Aid Claims

Plaintiff alleges Defendants Corizon and Esaw have denied him adequate medical care by failing to address his hearing aid complaints. (Doc. No. 2 at 13-14.) He also claims this failure is another form of retaliation for filing *O'Neal v. Correctional Medical Services, Inc., et al.* (*Id*.) Defendants argue they were not deliberately indifferent to his needs and Plaintiff suffered no adverse action which would give rise to a successful retaliation claim. I have reviewed the record and agree with Defendants.

Dr. Robert Floss, in his affidavit, opines the care for Plaintiff's hearing issues was adequate. (Doc. No. 78-6 at 9-10.) For his part, Plaintiff has provided numerous affidavits from other inmates who attest he does suffer hearing difficulties and, at various times, he has been without batteries for his hearing aids. (Doc. No. 83 at 55-64.)[6] I do not dismiss these affidavits lightly, but none of them

---

[6] Some of these affidavits also raise allegations of other healthcare failings which are wholly unrelated to the claims in this action.

are supported by the weight of medical expertise. Instead, the relevant medical records weigh in favor of dismissing Plaintiff's deliberate indifference claim. He was issued batteries on a consistent basis, examined by providers when he complained of hearing issues, referred to an outside audiologist, and fitted with a behind-the-ear hearing device. (Doc. Nos. 78-5 at 13-14, 30-31, 39-42, 55-59.) Although Plaintiff disputes he received a properly functioning hearing device and generally disputes the adequacy of his care, he has not provided any evidence which gives rise to a genuine issue of fact. *See Dulany v. Carnahan*, 132 F.3d 1234, 1240 (8th Cir. 1997) (holding in the face of medical records indicating treatment was provided and physician affidavits indicating treatment was adequate, a plaintiff may not create a question of fact simply by alleging he did not feel the treatment was adequate.). His Eighth Amendment claim for deliberate indifference will, therefore, be dismissed.

Plaintiff's retaliation claims based on his hearing aids also fail. He has not presented any substantive evidence to support his claim that Defendants Corizon and Esaw retaliated against him for filing an earlier lawsuit. *See Meuir v. Greene County Jail Emples.,* 487 F.3d 1115, 1119 (8th Cir. 2007) ("Merely alleging that an act was retaliatory is insufficient."). In light of the medical records discussed above, he has failed to establish he actually suffered any adverse action. *See Murphy v. Mo. Dept. of Corr.*, 769 F.2d 502, 503 n.1 (8th Cir. 1985) (holding an inmate bears a heavy evidentiary burden in establishing a prima facie retaliation case).

### E.     Remaining Claims

I note Plaintiff also alludes to several causes of action besides section 1983 in his Complaint. Specifically, he mentions Title II of the Americans with Disabilities Act ("ADA"), the Arkansas Civil Rights Act, the tort of outrage, and common law civil conspiracy. (Doc. No. 2 at 5-6.) None of these claims are developed in the body of the Complaint. In any event, Title II of the ADA

addresses discrimination against individuals because of their disability.  The relevant section

provides "no qualified individual with a disability shall, **by reason of such disability**, be excluded

from participation in or be denied the benefits of the services, programs, or activities of a public

entity, or be subjected to discrimination by any such entity."  42 U.S.C. § 12132 (emphasis added).

Plaintiff has not explicitly alleged any of the Defendants have discriminated against him because of

his disability.  Rather, he alleges they have taken adverse action against him because of a previously

filed lawsuit.  Additionally, the ADA does not give rise to a valid claim simply because an inmate's

disability was not adequately treated.  *See Bryant v. Madigan*, 84 F.3d 246, 249 (7th Cir. 1996)

(holding the "[ADA] would not be violated by a prison's simply failing to attend to the medical needs

of its disabled prisoners.").  Plaintiff's remaining miscellaneous claims are more appropriately

resolved in state court and, now that all of his federal claims have been disposed, I decline to assert

pendent jurisdiction over the remaining claims.  *See Johnson v. City of Shorewood*, 360 F.3d 810,

819 (8th Cir. 2004) ("The Supreme Court has noted in the usual case in which all federal-law claims

are eliminated before trial, the balance of factors to be considered under the pendent jurisdiction

doctrine. . . will point toward declining to exercise jurisdiction over the remaining state-law claims.")

(internal quotation and citation omitted).

V.    **CONCLUSION**

IT IS, THEREFORE, ORDERED THAT:

1.      The Clerk of Court shall alter the docket to reflect Defendant "Correct Care

Solution" is "Correct Care Solutions, LLC."

2.      Defendants' Motion for Summary Judgment (Doc. No. 77) is GRANTED.

A.      Plaintiff's section 1983 claims against Defendant Correct Care Solutions,

LLC are DISMISSED without prejudice due to failure to exhaust administrative remedies.

      B.     Plaintiff's section 1983 claims against Defendants Corizon Health, Inc., Erika Crompton, and Annette Esaw are DISMISSED with prejudice.

      C.     Plaintiff's claims arising under Title II of the Americans with Disabilities Act, the Arkansas Civil Rights Act, the tort of outrage, and common law civil conspiracy are DISMISSED without prejudice.

    3.    The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), an *in forma pauperis* appeal from this Order and the accompanying Judgment would not be taken in good faith.

IT IS SO ORDERED this 9th day of December, 2015.

_____
JOE J. VOLPE
UNITED STATES MAGISTRATE JUDGE